UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSHUA BOLDEN,                    )
                                  )
          Petitioner,             )
                                  )
     v.                           )          No. 4:20-CV-01445 SRC
                                  )
DALE GLASS,                       )
                                  )
          Respondent.             )

## Memorandum and Order

This matter comes before the Court on petitioner Joshua Bolden's petition for writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons discussed below, the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 will be summarily dismissed.

### I.     Background

Petitioner is a Missouri state pretrial detainee, presently incarcerated at the St. Louis County Justice Center.  He has been charged with two counts of assault in the first degree and two counts of armed criminal action. *State of Missouri v. Bolden*, No. 2022-CR00907-01 (22nd Judicial Cir., St. Louis City).[1]

The complaint in Petitioner's criminal action was filed on April 13, 2020.  It alleges that on April 9, 2020, Petitioner shot at two St. Louis City police officers, and his actions were done with the purpose of committing an assault in the first degree.  The complaint also alleges that because Petitioner purportedly committed the two assaults with a deadly weapon, he is guilty of

---

[1] Petitioner's criminal case was reviewed on Missouri Case.net, Missouri's online case management system.  The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

the crimes of armed criminal action. *State of Missouri v. Bolden*, No. 2022-CR00907 (22nd Judicial Cir., St. Louis City).

A warrant for arrest was issued on April 13, 2020, and the warrant indicated that no bond would be set.  On April 15, 2020, Petitioner appeared for a detention hearing in front of the Honorable David Dowd.  Petitioner was represented by counsel at the detention hearing and entered a plea of not guilty.  Judge Dowd "determin[ed] upon clear and convincing evidence that no combination of monetary and non-monetary conditions will secure the safety of the community or other persons and ORDERS [Petitioner] detained **without bond** pending further bond hearing or trial."  Judge Dowd set Petitioner's next bond hearing for seven days later, on April 22, 2020.  However, on April 22, 2020, defense counsel waived the next bond hearing.  And on June 15, 2020, defense counsel moved for a mental examination of Petitioner, which was granted on July 20, 2020. *State of Missouri v. Bolden*, No. 2022-CR00907 (22nd Judicial Cir., St. Louis City).

A grand jury indictment was filed on August 20, 2020. *State of Missouri v. Bolden*, No. 2022-CR00907-01 (22nd Judicial Cir., St. Louis City).  The charges in the grand jury indictment against Petitioner mirrored the charges in the criminal Complaint.  Once again, no bond was allowed for Petitioner, as the Honorable Michael Stelzer found that it was reasonable to believe that Petitioner was a danger to "the crime victim, the community or another person." *State of Missouri v. Bolden*, No. 2022-CR00907-01 (22nd Judicial Cir., St. Louis City).

On August 25, 2020, Petitioner filed two pro se memoranda in his criminal action, despite his current representation by counsel.[2]  Petitioner's first memorandum is a motion seeking release from confinement and it is titled, "Motion to Dismiss for Violation of Speedy Trial."  The motion states that he is bringing his motion to dismiss pursuant to the Sixth and Fourteenth Amendments,

---

[2] Petitioner is currently represented by attorney James Looby Miller in his criminal proceedings.

2

as well as Missouri Revised Statute § 545.780, seeking to have the charges against him dismissed and for him to be released from confinement.  He states that his case has "been set and reset for trial" and has "been delayed without cause or excuse."  Thus, he seeks the remedy of release.

Petitioner's second memorandum, filed on August 25, 2020, is titled, "Affidavit in Support of Defendant's Amended Motion to Dismiss with Prejudice or Release Defendant on Personal Recognizance."  In his affidavit, Petitioner states that he is poverty-stricken, and he believes exculpatory evidence is available to him, but he is in need of an investigator to seek such evidence which should be available in places such as police body-cams.  Petitioner also states that he has an Indigenous/Native American background and that due to health concerns of the pandemic he is seeking release from confinement.

On September 8, 2020, Petitioner again filed a pro se memorandum with the criminal court, noting that he was requesting a court docket sheet and filing "in support of defendant's amended motion to dismiss or release defendant due to violation of 120 and a speedy trial. Also defendant was booked with $0 bond that is still current as of today."

On October 13, 2020, Petitioner filed a pro se memorandum indicating that he believed his speedy trial rights had been violated.  He also argued that he had been unlawfully denied bond since the time he had been booked. Petitioner further stated:

> Disorderly behaviors caused all loss of jurisdiction for indictment, trial, judgment, and punishment according to law. Compensation should be made for loss of time physically, emotional, financial and due to epidemic environments. No consent was ever made by any means. Indigenous background released me from being property of the treasury of the United States. Inhabitant considered of the land, not confined by the land. Without further due, releasing of person, agency or entity for nobility should be granted immediately.

Although the Honorable Michael Colona was set to take Petitioner's motions up for hearing on September 23, 2020, Petitioner was not able to make the videoconference call at the Justice

Center on that date, and the matter was reset for hearing on September 28, 2020.  However, Judge

Colona recused himself from the matter on that date, and the matter was reset for hearing on

Petitioner's motions and memoranda on December 1, 2020 in front of the Honorable Craig K.

Higgins. Petitioner's mental evaluation is still pending. *State of Missouri v. Bolden*, No. 2022-

CR00907-01 (22nd Judicial Cir., St. Louis City).

## II.     Petition

On October 6, 2020, Petitioner filed an application for writ of habeas corpus brought

pursuant to 28 U.S.C. § 2241.[3]  In his application for habeas relief, Petitioner asserts that he is

entitled to release from confinement for several reasons: (1) "violation of speedy trial 120 days for

due processing"; (2) violation of "Indigenous Background/Indian"; (3) violation of state laws as a

result of "police brutality/body cams, wrong municipality and jurisdiction for proceedings,

tampered evidence"; (4) "health risk due to epidemic, no proper PPE."

On October 26, 2020, Petitioner filed a "motion to compel" seeking dismissal of his state

criminal action "within fourteen days" for violations of speedy trial and due to "epidemic health

risk factors involved."

On October 29, 2020 and November 9, 2020, Petitioner filed draft Orders for the Court.

He proposes denying relief in his case in both drafts.

## III.    Discussion

Petitioner seeks to have his state criminal charges dismissed due to an alleged violation of

his right to a speedy trial under the Sixth Amendment and the so-called "120-day rule."  In his

motions in state court, he also complains that he has been denied bail.  Petitioner additionally seeks

---

[3] Petitioner filed a motion to proceed in forma pauperis in this action on October 22, 2020.  A
review of his motion to proceed in forma pauperis indicates that he is indigent and entitled to
waiver of the full $5 filing fee.

release based on "sovereign citizen" arguments, in addition to evidentiary arguments and based on health and safety arguments pursuant to the current pandemic as a result of COVID-19. For the reasons discussed below, the Court will summarily dismiss the petition.

## A.    Legal Standard

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial").  However, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); and *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").  As such, a § 2241 petition is the appropriate method for petitioner to attack his case on speedy trial grounds and to contest his denial of bond.

## B.    Speedy Trial Claims

Petitioner asserts that his case should be dismissed because his right to a speedy trial pursuant to the Sixth Amendment[4] of the United States Constitution and the Missouri Constitution has been violated.  The crux of his contention resides in what he refers to as the "120-day rule."

---

[4] The Sixth Amendment provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI.

According to Petitioner, this rule provides that his case must be brought within 120 days of his arrest or be dismissed.  Since that period has elapsed in his criminal case, he believes that dismissal with prejudice is required.

To begin, Petitioner is attempting to obtain relief using an outdated version of the Missouri Speedy Trial Act.  Prior to its repeal on June 7, 1984, Missouri law provided that when "a plea of not guilty is entered at an arraignment the trial shall commence within one hundred eighty days of arraignment." *See State v. Bolin*, 643 S.W.2d 806, 810 n.3 (Mo. 1983) (providing statutory language).  The current, operative version of the Speedy Trial Act does not have a 120-day or 180-day requirement. *See State v. Engel*, 859 S.W.2d 822, 830–31 (Mo. Ct. App. 1993) (stating that the current "statute sets no deadline, and certainly not a deadline of 180 days").  Indeed, it does not contain a time period at all.  Rather, the act provides that "[i]f defendant announces he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter." MO. REV. STAT. § 545.780(1).  Thus, to the extent that Petitioner is proposing that there has been a violation of a strict statutory deadline, whether that is 120 or 180 days, he is mistaken.

Furthermore, with regard to the current version of the Missouri Speedy Trial Act, the Court is unable to grant Petitioner relief.  Federal courts do "not have jurisdiction under 28 U.S.C. § 2241 . . . to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986).  Rather, such claims based on state law and the actions of state officials must be addressed by a state court. *Id.*; *see also Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (stating that in the context of a § 2254 habeas petition, the "question of whether the state violated its own speedy trial statute is a matter for the state courts").  For these reasons, Petitioner's speedy trial claim based on Missouri's Speedy Trial Act must be dismissed.

With regard to Petitioner's Sixth Amendment claim, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981).  To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (stating that the doctrine of exhaustion of state remedies is meant to protect state courts' opportunity to confront and resolve constitutional issues within their jurisdictions, and is especially important in a speedy trial claim, where the relief granted usually results in dismissal of the case); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, petitioner must first exhaust his state remedies, absent a showing of "special circumstances"); and *Moore v. DeYoung*, 515 F.2d 437, 446 (3d Cir. 1975) (stating that speedy trial issues require state exhaustion before there can be federal habeas consideration, unless the petitioner can demonstrate "extraordinary circumstances" that would obviate the exhaustion requirement). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

In this case, Petitioner has not demonstrated that he has exhausted his state court remedies. A review of his state proceedings shows that on August 25, 2020, Petitioner filed a pro se motion

for a speedy trial, and on September 8, 2020, he filed a second motion for speedy trial.  On October 13, 2020, Petitioner filed a memorandum noting that he believed his speedy trial rights had been violated, as well as his right to bond.  Petitioner also made certain sovereign citizen arguments in his memorandum. These motions and memoranda were filed with the circuit court, and Petitioner has not filed any additional pleadings outside the circuit court.

These motions and memoranda are set for hearing with the criminal court on December 1, 2020.  More pertinently, Petitioner has not filed for a writ of mandamus, which is the vehicle explicitly provided by statute to enforce his speedy trial rights in state court. MO. REV. STAT. § 545.780(2). He has also failed to establish any "special circumstances" that would allow him to avoid exhausting his state remedies. *See Dickerson*, 816 F.2d at 227 (stating that the constitutional right to a speedy trial does not qualify as a special circumstance that obviates the exhaustion requirement).

The Supreme Court has warned federal courts to guard against the interruption of state adjudications by federal habeas proceedings. *See Braden*, 410 U.S. at 490. In particular, a petitioner is not allowed to derail a pending state criminal proceeding by attempting to prematurely litigate constitutional defenses in federal court. *See Neville*, 611 F.2d at 676.  Here, Petitioner is not attempting to compel a state trial, but to avoid one by seeking his release.

His state criminal case is still ongoing.  Petitioner is still undergoing a mental evaluation in his criminal action, and his attorney in his case is still gathering discovery.  Moreover, despite Petitioner's assertions to the contrary in his August 25, 2020 motion, his criminal action has at no time been set for trial, and before August 25, 2020, Petitioner had not made a request for speedy trial in his criminal action.

## C.    Indigenous/Indian Background Claims

Petitioner asserts in his application for writ of habeas corpus that "Indians are bonded by treaties and agreements."  He states in his October 13, 2020, pro se memorandum, that "Indigenous background released me from being property of the treasury of the United States.  Inhabitant considered of the land, not confined by the land.  Without further due, releasing of person, agency or entity for nobility should be granted immediately."

Petitioner's arguments for release are similar to those raised by sovereign citizens and others who claim that they are not subject to government laws or proceedings.  This legal theory is meritless and cannot form the basis for Petitioner's request for this Court to intervene in his State court criminal action. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint lacks an arguable basis in law if it is based upon an indisputably meritless legal theory).

The United States does not recognize the Moorish Nation or any other Indigenous Nation as a sovereign state, *see Benton-El v. Odom*, 2007 WL 1812615, at *6 (M.D. Ga. June 19, 2007), *Khattab El v. United States Justice Dept.*, 1988 WL 5117, at *2 (E.D. Pa. Jan. 22, 1988), and Petitioner cannot unilaterally bestow sovereign immunity upon himself. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984).  Even those who voluntarily relinquish their citizenship are subject to, and must obey, federal, state, and local laws. *See Khattab*, 1988 WL 5117.  The terminology and phrases Petitioner uses are the type often used by "sovereign citizens" and others who believe they are exempt from the jurisdiction of the courts, and which have been summarily rejected as frivolous by federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011) (describing the conduct of another "sovereign

citizen" and collecting cases rejecting the group's claims as frivolous).  For this reason, the Court will summarily deny Petitioner's request for habeas relief on this basis.

### D.      Evidentiary and Jurisdiction Challenges in State Criminal Action/Health Risk Due to Pandemic

Petitioner asserts that his rights have been violated in his state court action as a result of "police brutality/body cams, wrong municipality and jurisdiction for proceedings [and] tampered evidence."  He also asserts in a conclusory manner that being held in jail during a pandemic is a health risk.[5]

Evidentiary issues relating to bodycam evidence and policy brutality claims such as the ones outlined by Petitioner are up to the criminal court in which these matters are brought.  Moreover, these issues, as well as Petitioner's issues relating to the pandemic and its effect on his confinement are more properly addressed in the circuit court for St. Louis City where he is being held.  If he is unable to seek relief as to his claims in that Court, he may attempt to seek relief under the Civil Rights Act, pursuant to 42 U.S.C. § 1983, after litigation of his criminal action is complete.  These claims, of course, may be subject to either a stay and abeyance and/or a bar under

---

[5] There is nothing, per se, unconstitutional about being held in jail during a pandemic.  The Fourteenth Amendment, as does the Eighth Amendment, forbids deliberate indifference to conditions posing "an unreasonable risk of serious damage . . . to future health." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993).  To that end, measures must be taken to contain the spread of infectious diseases. *See DeGidio v. Pung*, 920 F.2d 525, 533 (8th Cir. 1990) (determining that continuing failure of prison officials to institute a system to prevent the spread of tuberculosis violated the Eighth Amendment).  Although Petitioner complains that he has not received "proper PPE," he does not indicate what he believes "proper PPE" to be, whether this is N-95 masks and gloves or simply masks, which the CDC has indicated will help stop the spread of COVID-19.  Moreover, if the Justice Center is instituting quarantine measures and providing masks to the inmates, this is strong evidence that they are indeed attempting to institute a system to prevent the spread of COVID-19. *See Cameron v. Bouchard*, 815 Fed. App'x. 978, 986 (6th Cir. 2020) (explaining that the quarantining of "any inmate exposed to COVID-19 is strong evidence that [defendants] are responding reasonably to the risk posed by the virus").  Nonetheless, if Petitioner believes his health and safety are at risk, he should file a separate lawsuit pursuant to 42 U.S.C.§ 1983.

pertinent Supreme Court cases. *See Wallace v. Kato*, 549 U.S. 384 (2007); *Heck v. Humphrey*, 512 U.S. 477 (1994).

Nevertheless, none of these claims constitute grounds for relief under § 2241, which provides, in relevant part, that a writ of habeas corpus shall not extend to a prisoner unless the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Petitioner's complaints regarding the sufficiency of evidence against him or the jurisdiction or venue of the state court over him simply do not constitute allegations that he is being held illegally by the State of Missouri.  Therefore, these claims must be dismissed.

### E.    Denial of Bond

Although Petitioner has not asserted denial of bond in his application for habeas corpus, he did make such claims in his motions and memoranda in his criminal action.  Specifically, he alleged that he is being held without bond in his criminal case.

The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.  While the primary function of bail is to safeguard the role of courts in adjudicating the guilt or innocence of defendants, the only substantive limitation is that the "conditions of release or detention not be excessive in light of the perceived evil." *United States v. Salerno*, 481 U.S. 739, 754 (1987).  In determining whether bail is unconstitutional, a defendant's mere financial inability to post an amount does not automatically indicate excessiveness. *White v. United States*, 330 F.2d 811, 814 (8th Cir. 1964).

As noted above, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco*, 649 F.2d at 636.  Due to this

reluctance to interfere, and in the interest of comity between state and federal courts, a petitioner is required to exhaust state remedies before seeking habeas relief. *See Neville*, 611 F.2d at 675. *See also Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017) (stating that "it has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever*, 36 F.3d at 1534.

Similar to his speedy trial claims, Petitioner has failed to exhaust his state court remedies with regard to bond. Missouri's Supreme Court Rules allow a person detained and unable to meet the conditions of release to have a release hearing pursuant to Missouri Supreme Court Rule 33.05. Mo. Sup. Ct. R. 33.01(f). During the hearing, the person shall be permitted to make a record of any relevant issue, including his financial status and ability to meet any monetary condition. *Id.* If the person alleges the court unlawfully detained him, or set excessive conditions of release, he may seek remedial writ relief in a higher court. Mo. Sup. Ct. R. 33.09.

There is no indication that Petitioner has attempted to have his bond conditions reviewed by a Missouri appellate court pursuant to Missouri's Supreme Court Rules. Thus, he has not exhausted his state remedies. He has also failed to establish any "special circumstances" that would allow him to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances).

The purpose of exhaustion is to protect the role of state courts in enforcing federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). If Petitioner was allowed to proceed without exhausting his state remedies, it would place this Court in the position of second-guessing the state court judge and interrupting the state adjudication of

12

petitioner's case.   The Court therefore declines Petitioner's request to rule upon the constitutionality of his bond before he has utilized the state court mechanisms for such review.  As such, Petitioner's bond claim must be dismissed.

> **F.    Summary dismissal**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the Petitioner is not entitled to relief.  Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed above, it plainly appears that Petitioner is not entitled to relief on his § 2241 petition. Therefore, the petition will be summarily dismissed.

Accordingly, the Court grants [3] Petitioner's motion for leave to proceed in forma pauperis. The Court denies [1] Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. The Court denies [4] Petitioner's motion to compel release from confinement. The Court denies [8] Petitioner's motion for sanctions, or alternatively motion for default judgment. A separate Order of Dismissal will be entered. The Court further orders that it will not issue a certificate of appealability.

So Ordered this 20th day of November 2020.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

13